

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2006

# Tan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3995

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Tan v. Atty Gen USA" (2006). *2006 Decisions.* Paper 244.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/244

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3995

_____

LILINA TAN, EKO BUDIYANTO TANATO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95-838-171)

_____

Submitted under Third Circuit LAR 34.1(a)
September 26, 2006

Before: RENDELL, CHAGARES, and ROTH, <u>Circuit Judges</u>

(Filed: November 6, 2006 )

_____

**OPINION**

_____

**ROTH**, <u>Circuit Judge</u>:

Lilina Tan and her husband, Eko Tanata, petition for review of the order of the Board

of Immigration Appeals (BIA) affirming, without opinion, the Immigration Judge's (IJ) denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We will deny the petition.

Tan, a native and citizen of Surabaya, Indonesia, as well as an ethnic Chinese Catholic, entered the United States on or about September 6, 2001 as a nonimmigrant visitor for pleasure. On October 24, 2002, the Immigration and Naturalization Service issued Tan a Notice to Appear, charging that she was subject to removal under Section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), in that she was admitted into the United States as a nonimmigrant under 8 U.S.C. § 1101(a)(15) and remained for a time longer than permitted. Tan and her husband[1] appeared before the IJ on March 16, 2004, conceding removability and seeking relief from removal by filing applications for asylum, withholding of removal, and protection under CAT, or, in the alternative, voluntary departure.

In support of her application for asylum, Tan filed a sworn statement describing her experiences in Indonesia. According to her statement, as well as her testimony before the IJ, Tan indicated that she and her family were the subject of ridicule, harassment, and physical attacks by the native Indonesian people due to their Chinese descent. In particular, Tan alleged that she and her husband, in their official leadership positions in their village, were

---

[1]Husband-petitioner, Eka Tanata, was considered for asylum as a derivative of his wife's application, and, like his wife, was also considered for voluntary departure.

blamed for the problems experienced by the native Indonesians. Additionally, Tan discussed the riot that erupted at the Catholic school attended by her children, the fire that was set to fifteen churches in Surabaya, and the destruction of the Chinese bank at which her husband worked. On a personal level, Tan explained that she was robbed at knife-point by two native Indonesians and that her aunt's family was killed in a fire set to their home. In operating her restaurant in Surabaya, Tan alleged that she obtained her license only with the assistance of her native Indonesian friend. Even then, she was forced to pay a higher rent than surrounding businesses and when police officers ate at her restaurant, they refused to pay for their meals.

On March 16, 2004, the IJ denied Tan's application for asylum, withholding of removal, and protection under CAT, and ordered that both Tan and her husband voluntarily depart the United States. On July 28, 2005, the BIA affirmed, without opinion, the IJ's decision. A timely petition for review followed, in which the petitioner seeks relief from the denial of her application for asylum and withholding of removal.[2]

We have jurisdiction to review final orders of the BIA under § 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252 (2005). Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency

---

[2]On appeal, Tan has not raised any argument with respect to the denial of her claim seeking protection under CAT. Absent extraordinary circumstances, an appellant must present an argument in support of each issue raised on appeal or such issues are deemed waived. Lie v. Ashcroft, 396 F.3d 530, 532 (3d Cir. 2005). As such, we deem her appeal of the denial of protection under CAT waived.

3

determination.  <u>Konan v. Attorney General</u>, 432 F.3d 497, 500 (3d Cir. 2005).

Pursuant to 8 U.S.C. § 1158(b), the Attorney General may grant asylum to an alien who demonstrates that she is a refugee, which is defined as a "person unable or unwilling to return to the country of that person's nationality or habitual residence because of past persecution or because of a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion." <u>Gao v. Ashcroft</u>, 299 F.3d 266, 271-72 (3d Cir. 2002).  To be eligible for asylum on the basis of past persecution, an alien must establish the following: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control."  <u>Id.</u> at 272 (quoting <u>Navas v. INS</u>, 217 F.3d 646, 655-56 (9th Cir. 2000)).  Likewise, to be eligible for asylum based on a well-founded fear of future persecution, an alien must establish both that her fear is genuine and that "a reasonable person in her circumstances would fear persecution if returned to her native country."  <u>Id.</u> at 272.

Whether the alien has demonstrated either past persecution or a well-founded fear of future persecution is reviewed under the substantial evidence standard, which grants significant deference to the IJ's determinations.  <u>Id.</u>  As such, the IJ's factual findings will be upheld when they are grounded in evidence in the record and supported by specific reasoning.  <u>Abdulrahman v. Ashcroft</u>, 330 F.3d 587, 597 (3d Cir. 2003).  Likewise, reversal

of such findings is permitted only when the record evidence "would *'compel'* a reasonable factfinder to make a contrary determination." Id.

In this instance, substantial evidence supports the IJ's determination that Tan failed to demonstrate past persecution or a well-founded fear of future persecution if returned to Indonesia. On appeal, Tan points to a number of incidents that, according to her, constituted past persecution and generated a fear of future persecution, all of which were included in her affidavit and testified to at the hearing before the IJ on March 16, 2004. In denying Tan's petition for asylum, the IJ considered these incidents and determined that they did not amount to past persecution or a well-founded fear of future persecution. For instance, the IJ noted that many of the incidents, including Tan's testimony regarding the discriminatory way in which businesses are licensed in Surabaya, the burning of fifteen churches, and the fire set to her aunt's home, were not substantiated with any documentary evidence. In the same way, the IJ concluded that many of the other incidents referenced by Tan could be viewed as mere acts of lawlessness rather than acts of persecution. For instance, any evidence of native Indonesian hostility towards Tan and her husband could easily arise from their official role as leaders in the village.

Ultimately, this is not a case of failure to consider evidence in the record. Indeed, in her brief, Tan does not point to any evidence that the IJ failed to consider. Rather, the IJ concluded that the evidence presented to him did not amount to past persecution or a well-founded fear of future persecution if Tan returned to Indonesia. Because such conclusions

5

were based on the evidence in the record and were supported by specific reasoning, they must

be upheld under the substantial evidence standard of review.[3]  We are not compelled to make

a finding contrary to that of the IJ.  Therefore, we will deny the petition for review.

---

[3]Because Tan has not established a well-founded fear of persecution for asylum purposes, she also has not met the more rigorous standard of eligibility for withholding of removal.  See Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003).